IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED NATIONAL INSURANCE COMPANY | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) ) | No. 07 C 6459<br>JUDGE BLANCHE M. MANNING<br>MAG. JUDGE SIDNEY I. SCHENKIER |
| GAREDA DIVERSIFIED BUSINESS SERVICES, INC. an Illinois Corporation and CYNTHIA PEARSON-SINGER Independent Administrator of the Estate of ROBERT PEARSON, JR. deceased, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT CYNTHIA PEARSON-SPRINGER'S MOTION FOR AN EXTENSION OF TIME TO FILE HER ANSWER OR OTHERWISE PLEAD**

Defendant CYNTHIA PEARSON-SPRINGER (incorrectly sued as Cynthia Pearson-Singer) as Independent Administrator of the Estate of ROBERT PEARSON, JR., deceased, by her attorneys, CLIFFORD LAW OFFICES, P.C., moves this Honorable Court for an Extension of Time to File Her Answer or Otherwise Plead, and in support thereof states as follows:

1.  That this declaratory action relates to a pending wrongful death lawsuit Defendant Cynthia Pearson-Springer has against co-Defendant Gareda Diversified Business Services for wrongful death.

2.  That on November 14, 2007, the Plaintiff United National Insurance Company ("Plaintiff") filed a Complaint for Declaratory Judgment in the United States District Court for the

Northern District of Illinois Eastern Division against Gareda Diversified Business Services, Inc. and Cynthia Pearson-Springer as Independent Administrator of the Estate of Robert Pearson, Jr., deceased. United National Insurance Company's action seeks a declaration that it owes no insurance coverage either for the benefit of the insured, Gareda Diversified Business Services, Inc., or the injured party, Cynthia Pearson-Springer.

3. That Defendant Pearson-Springer has previously been granted an extension to respond to the Complaint.

4. That Pearson-Springer seeks one last extension because she has been effectively abandoned by the Insured, Gareda Diversified Business Services, Inc., which has taken no action with respect to the denial of coverage. Hence, Defendant Pearson-Springer is having to do all of the investigation and work in order to properly answer the allegations of the Complaint and make determinations regarding the addition of other parties even though all of the needed information is in the hands of the Plaintiff and co-Defendant Gareda Diversified Business Services, Inc.

5. After several requests, Defendant Pearson-Springer finally received copies of the two potentially applicable insurance policies shortly after the last extension was granted. Upon review, these documents tend to establish a good defense to this case because there is no reason to suppose that, at the time that Gareda Diversified Business Services applied for this policy, it knew that the occurrence resulting in the underlying case would become a claim.

6. There is also good reason to add another party to the case, Gareda Diversified Business Services' prior carrier, Landmark American Insurance Company. Gareda has always carried insurance and fully paid its premiums. There has been no lapse in coverage. It is Illinois public policy for the reasonable expectations of coverage to be disappointed. Either United National

or Landmark American Insurance Company must be liable under this scenario, but Defendant Pearson-Springer will have to bring Landmark American Insurance Company it into the case because Gareda Diversified Business Services refuses to act. As such, Defendant Pearson-Springer wishes to conduct limited discovery before responding to the Complaint. Within 45 days, Defendant Pearson-Springer would like to take the deposition of the most knowledgable person at Gareda regarding these issues. At that time, Defendant Pearson-Springer can fully and completely respond to the Complaint.

7.  This motion is being filed in good faith and not for the purpose of delaying this litigation, and no parties will be prejudiced by the granting of this motion.

WHEREFORE, Defendant CYNTHIA PEARSON-SPRINGER (incorrectly sued as Cynthia Pearson-Singer) as Independent Administrator of the Estate of ROBERT PEARSON, JR., deceased, hereby request an Order granting her a forty-five (45) day extension of time in which to answer or otherwise plead to Plaintiff's Complaint for Declaratory Judgment.

Dated: This 7th day of April 2008.

                                                  Respectfully submitted,
                                                  Clifford Law Offices, P.C.

                                                  By: /s/ Brian S. Shallcross
                                                  Counsel for Defendant

Timothy S. Tomasik
Brian S. Shallcross
Clifford Law Offices, P.C.
Attorneys for Plaintiff
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
Fax: (312) 251-1160
E-mail: bss@cliffordlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, I electronically filed DEFENDANT CYNTHIA PEARSON-SPRINGER'S MOTION FOR AN EXTENSION OF TIME TO FILE HER ANSWER OR OTHERWISE PLEAD with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: Daniel E. Tranen, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 120 North LaSalle Street, Suite 2900, Chicago, Illinois 60602; and Geoffrey A. Belzer, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 120 North LaSalle Street, Suite 2900, Chicago, Illinois 60602.

Respectfully submitted,

By: /s/ Brian S. Shallcross
    Brian S. Shallcross
    Timothy S. Tomasik
    Clifford Law Offices, P.C.
    120 N LaSalle Street
    Suite 3100
    Chicago, Illinois 60602
    (312) 899-9090 Phone
    (312) 251-1160 Fax
    bss@ cliffordlaw.com