## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 07 C 6459 ) JUDGE BLANCHE M. MANNING ) MAG. JUDGE SIDNEY I. SCHENKIER |
| GAREDA DIVERSIFIED BUSINESS SERVICES, INC. an Illinois Corporation and CYNTHIA PEARSON-SINGER Independent Administrator of the Estate of ROBERT PEARSON, JR. deceased, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANT CYNTHIA PEARSON-SPRINGER'S ANSWER TO PLAINTIFF UNITED NATIONAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Defendant CYNTHIA PEARSON-SPRINGER (incorrectly sued as Cynthia Pearson-Singer)

as Independent Administrator of the Estate of ROBERT PEARSON, JR., deceased, by her attorneys,

CLIFFORD LAW OFFICES, P.C., submits the following Answer and Affirmative Defenses to the

Complaint for Declaratory Judgment of Plaintiff, UNITED NATIONAL INSURANCE COMPANY:

### PARTIES AND JURISDICTION

1.    United National Insurance Company ("United National") is an insurance company,

organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business

in Bala Cynwyd, Pennsylvania.

**ANSWER:    Cynthia Pearson-Springer admits the allegations contained in Paragraph 1.**

2.       At all relevant times United National was licensed and in good-standing with regard to the issuance of insurance policies within the state of Illinois.

**ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 2 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

3.       Gareda Diversified Business Services, Inc. ("Gareda"), is an Illinois Corporation with a principal place of business located at 1431 Huntington Drive, Calumet City IL 60409, an address within Cook County, Illinois.

**ANSWER:     Cynthia Pearson-Springer admits the allegations contained in Paragraph 3.**

4.       In addition to the address stated in Paragraph 3, Gareda maintains two other locations within Cook County; one located at 8547 S. Stony Island, Chicago IL 60617 and a second office located at 6120 West North Avenue, Chicago IL 60639.

**ANSWER:     Cynthia Pearson-Springer admits the allegations contained in Paragraph 4.**

5.       At all relevant times, Gareda was in the business of providing home health care services to Illinois residents.

**ANSWER:**

6.       Cynthia Pearson-Springer, is the daughter of Robert Pearson, Jr., deceased, and is the independent administrator of the estate of Robert Pearson, Jr.

**ANSWER:     Cynthia Pearson-Springer admits the allegations contained in Paragraph 6.**

7.       Cynthia Pearson-Springer, as the independent administrator of the estate of Robert Pearson, Jr. who has brought a lawsuit against Gareda in the Circuit Court of Cook County (Case No. 2007-L-008981, ("the Lawsuit") and for which Gareda has sought insurance coverage and

defense from United National. As such, Ms. Pearson-Springer is a necessary and interested party to this Declaratory Judgement action.

**ANSWER:**   **Cynthia Pearson-Springer admits the she is the independent administrator of the estate of Robert Pearson, Jr. Cynthia Pearson-Springer further admits that she has brought a lawsuit against Gareda in the Circuit Court of Cook County. Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 7 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

8.   This case involves questions for coverage regarding an insurance policy with limits of $2 million per occurrence for injuries alleged in the Lawsuit. As such, the amount in controversy is in excess of $75, 000 exclusive of interests and costs.

**ANSWER:**   **Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

9.   This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship between Plaintiffs and Defendants.

**ANSWER:**   **The allegations contained in Paragraph 9 amount to a legal conclusion to which no response is required.**

10.   Venue is proper in this District pursuant to 28 U.S.C. §1391, in that Lawsuit has been filed in Cook County in this District, and because Ms. Pearson-Springer and Gareda are located in this district.

**ANSWER:** **The allegations contained in Paragraph 10 amount to a legal conclusion to which no response is required.**

11.     In the Lawsuit, Ms. Pearson-Springer alleges that on May 3, 2006, Gareda provided home health care services to Robert Pearson, Jr. at his home located at 2215 East 69th Street, Chicago IL 60649, within Cook County, IL.

**ANSWER:** **Cynthia Pearson-Springer admits the allegations contained in Paragraph 11.**

12.     In the Lawsuit, Ms. Pearson-Springer alleges that on May 3, 2006 and at all times relevant herein, non-party Debbie Lewis was licensed Certified Nursing Assistant and the duly authorized agent and/or employee of Gareda.

**ANSWER:** **Cynthia Pearson-Springer admits the allegations contained in Paragraph 12.**

13.     In the Lawsuit, Ms. Pearson-Springer alleges that on May 3, 2006 and at all times relevant herein, Ms. Lewis was assigned by Gareda, pursuant to Gareda's agreement with IDOA, to provide home health care to Mr. Pearson at his home located at 2215 East 69th Street, Chicago IL 60649.

**ANSWER:** **Cynthia Pearson-Springer admits the allegations contained in Paragraph 13.**

14.     In the Lawsuit, Ms. Pearson-Springer alleges that at all times Ms. Lewis provided home health care to Mr. Pearson Ms. Lewis acted within the scope of her agency and employment by Gareda.

**ANSWER:** **Cynthia Pearson-Springer admits the allegations contained in Paragraph 14.**

4

15.    In the Lawsuit, Ms. Pearson-Springer alleges that on May 3, 3006, Ms. Lewis attempted to assist Mr. Pearson in descending a flight of stairs at his home.

**ANSWER:    Cynthia Pearson-Springer admits the allegations contained in Paragraph 15.**

16.    In the Lawsuit, Ms. Pearson-Springer alleges that while attempting to descend the stairs, Mr. Pearson fell and was injured ("the incident").

**ANSWER:    Cynthia Pearson-Springer admits the allegations contained in Paragraph 16.**

17.    In the Lawsuit, Ms. Pearson-Springer alleges that on or about May 4, 2006, Mr. Pearson died as a result of his injuries suffered in the Incident.

**ANSWER:    Cynthia Pearson-Springer admits the allegations contained in Paragraph 17.**

18.    Ms. Lewis, as duly authorized agent and/or employee of Gareda reported the Incident to Donna J. Cobb, a Gareda employee, and the Gareda employee responsible for the management of Mr. Pearson's care, on or about May 17, 2006.

**ANSWER:    Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 18 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

19.    Ms. Lewis, as duly authorized agent and/or employee of Gareda reported the Incident to Donna J. Cobb, a Gareda employee and the Gareda employee responsible for the management of Mr. Pearson's care, a second time, on or about June 9, 2006.

5

ANSWER:     **Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

20.      In each of the instances of reporting referenced in Paragraphs 18 and 19, Ms. Lewis acted in her official capacity and within the scope of her employment with Gareda in reporting the Incident; and Ms. Cobb acted in her official capacity and with the scope of her employment with Gareda in receiving said reports.

ANSWER:     **Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 20 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

21.      On or about August 14, 2006, over three months after the incident, Remel Duncan, Vice President of Gareda, in his official capacity as agent and/or representative of Gareda, submitted an *Application for Professional Liability Insurance Miscellaneous Medical* on behalf of Gareda to Resurgens Speciality Underwriting, Inc. ("RSUI Application completed by Mr. Duncan on behalf of Gareda, is attached as Exhibit 1 to this complaint.

ANSWER:     **Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 21 and therefore denies the same pursuant to Fed. R. Civ. Pro**

6

8(b)(5).

22. At the time Mr. Duncan completed the RSUI Application, RSUI provided Professional Liability Insurance and Commerical General Liability Insurance to Gareda, on a claims-made basis, as the authorized representative of Landmark American Insurance Company ("Landmark").

ANSWER: **Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

23. At the time Mr. Duncan completed the RSUI Application, the insurance provided by Landmark was to expire on or about September 6, 2006.

ANSWER: **Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

24. Page 4 of the RSUI Application contains Question #25, which reads:

> Is the applicant aware of any circumstances which may result in any claims against him, the firm, his predecessors in business, or any of the present or past Partners or Officers?

ANSWER: **Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in**

7

Paragraph 24 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).

25.    In his official capacity as Vice President of Gareda, and on behalf of Gareda, Mr.

Duncan checked the "no" box for Question #25.

ANSWER:    Cynthia Pearson-Springer is without knowledge or information sufficient to

form a belief as to the truth or accuracy of the allegations contained in

Paragraph 25 and therefore denies the same pursuant to Fed. R. Civ. Pro

8(b)(5).

26.    Page 5 of the RSUI Application is labeled "Representations" and states:

The Applicant declares that the above statement and representations
are true and correct, and that no facts have been suppressed or
misstated. All written statements and materials furnished to the
Company, in conjunction with this application will be incorporated
by reference into this application and made part thereof.

This application does not bind the Applicant to buy, or the Company
to issue the insurance, but it is agreed that this form shall be the basis
of the contract should a policy be issued, and it will be attached to
and made part of the policy. **The undersigned applicant declares
that if the information supplied on this application changes
between the date of this application and the time when the policy
issued, the  Applicant will immediately notify the company of
such changes, and the Company may withdraw or modify any,
outstanding quotations and/or authorization or agreement to
bind the insurance.**

ANSWER:    Cynthia Pearson-Springer is without knowledge or information sufficient to

form a belief as to the truth or accuracy of the allegations contained in

Paragraph 26 and therefore denies the same pursuant to Fed. R. Civ. Pro

8(b)(5).

8

27.     In his official capacity as Vice President of Gareda, and on behalf of Gareda, Mr. Duncan signed the RSUI Application in the space immediately following the Representations section of the application as referenced in Paragraph 26 of this Complaint.

**ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 27 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

28.     In his official capacity as Vice President of Gareda, and on behalf of Gareda, Mr. Duncan did not provide any notice or reference to the Incident while completing the RSUI Application.

**ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 28 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

29.     Sometime after August 14, 2006 the RSUI application was submitted by Gareda's insurance broker to United National to obtain rates and coverage from United National for the risk identified in the application.

**ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 29 and therefore denies the same pursuant to Fed. R. Civ. Pro**

9

8(b)(5).

30.     United National relied upon the information, answers and representations contained

in the RSUI application in quoting an insurance rate and offering to provide insurance to Gareda.

ANSWER:     **Cynthia Pearson-Springer is without knowledge or information sufficient to**
            **form a belief as to the truth or accuracy of the allegations contained in**
            **Paragraph 30 and therefore denies the same pursuant to Fed. R. Civ. Pro**
            **8(b)(5).**

31.     As United National assessed Gareda's risk based upon an insurance application

submitted on the RSUI form, United National's offer to bind coverage to Gareda was bound to a

completed, signed and dated United National application form.

ANSWER:     **Cynthia Pearson-Springer is without knowledge or information sufficient to**
            **form a belief as to the truth or accuracy of the allegations contained in**
            **Paragraph 31 and therefore denies the same pursuant to Fed. R. Civ. Pro**
            **8(b)(5).**

32.     On or about September 5, 2006, Plaintiff United National issued a binder of insurance

to Gareda for $2,000,000 per occurrence/$4,000,000 aggregate Professional and General Liability

insurance, with an effective date of September 6, 2006 and issued on a claims-made basis.

ANSWER:     **Cynthia Pearson-Springer is without knowledge or information sufficient to**
            **form a belief as to the truth or accuracy of the allegations contained in**

10

Paragraph 32 and therefore denies the same pursuant to Fed. R. Civ. Pro
8(b)(5).

33.     On or about September 5, 2006, Plaintiff United National issued a revised binder of
insurance to for $2,000,000 per occurrence/$4,000,000 aggregate Professional and General Liability
insurance, with an effective date of September 6, 2006 and issued on a claims-made basis.

ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to
            form a belief as to the truth or accuracy of the allegations contained in
            Paragraph 33 and therefore denies the same pursuant to Fed. R. Civ. Pro
            8(b)(5).

34.     That Binder of Insurance and the Revised Binder of insurance issued by United
National on September 5, 2006 were issued subject to Gareda's completion of a United National
application for insurance.

ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to
            form a belief as to the truth or accuracy of the allegations contained in
            Paragraph 34 and therefore denies the same pursuant to Fed. R. Civ. Pro
            8(b)(5).

35.     On or about September 6, 2006, United National issued Commercial Insurance Policy
Number AHB-0000237 to Gareda with an effective date of September 6, 2006 ("the Policy), a true
and accurate copy of which is provided as Exhibit 2 to this Complaint.

11

ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 35 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).

36.     The Policy provides both General Liability Coverage and Professional Liability Coverage, subject to its terms, conditions and exclusions.

ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 36 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).

37.     The professional Liability Company Part of the Commercial Insurance Policy issued by United National to Gareda (Policy No. AHB-0000237) states in relevant part:

5.     **Representations:**

By accepting this policy, you agree:

a.     The statements in the Declarations and application, made part of this policy, are accurate and complete;

b.     Those statements are base upon representations you made to us;

c.     We have issued this policy in reliance upon your representations; and

d.     This policy embodies all of the agreements exiting between you and us or any of our agents relating to this insurance.

ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in

12

Paragraph 37 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).

38.     On or about September 12, 2006, Cynthia Pearson-Springer, daughter of decedent Mr. Pearson, contacted Gareda and requested Gareda's business records regarding home health care provided to Mr. Pearson.

ANSWER:     Cynthia Pearson-Springer admits the allegations contained in Paragraph 38.

39.     Shortly after Ms. Pearson-Springer's telephone call to Gareda on or about September 12, 2006, Donna J. Cobb, Gareda's Director of Homecare Services (who was informed of the incident involving Mr. Pearson by Debbie Lewis in May, 2006 and again in June, 2006), informed Gareda's senior management of the incident involving Mr. Pearson.

ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 39 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).

40.     On or about September 21, 2006, Gareda received a Notice of Attorney's Lien from Timothy Tomasik of Clifford Law Offices, and a cover letter from Mr. Tomasik (dated September 19, 2006), advising Gareda that Mr. Tomasik represented Ms. Pearson-Springer "in a cause of action about to be brought against you for injuries and damages sustained ... due to your negligence." A true and correct copy of the Notice of Attorney's Lien is attached as Exhibit 4 to this Complaint.

ANSWER:     Cynthia Pearson-Springer admits the allegations contained in Paragraph 40.

41.     Mr. Tomasik's September 21, 2006 letter to Gareda states, "we would suggest that

13

you forward this lien to your insurance company immediately.

**ANSWER:    Cynthia-Pearson Springer admits the allegations contained in Paragraph 41.**

42.    Mr. Tomasik's September 19, 2006 letter to Gareda was addressed to Gareda's Registered Agent, Remel C. Duncan.

**ANSWER:    Cynthia-Pearson Springer admits the allegations contained in Paragraph 42.**

43.    The Notice of Attorney's Lien sent by Mr. Tomasik to Gareda was addressed to Gareda's Registered Agent, Remel C. Duncan.

**ANSWER:    Cynthia-Pearson Springer admits the allegations contained in Paragraph 43.**

44.    On or about October 3, 2006, Remel C. Duncan, Vice President of Gareda, in his official capacity as agent and/or representative of Gareda, submitted a *Home Health Care/Temporary Staffing Application* ("United National Application") to United National. A true and accurate copy of the United National Application is attached as Exhibit 5 to this Complaint.

**ANSWER:    Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 44 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

45.    In completing the United National Application, Gareda requested an effective date for coverage beginning September 6, 2006.

14

**ANSWER:**   **Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 45 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

46.     On or about October 19, 2006, Jerry Leahy of Risk Management Resources, Inc. (a professional insurance broker), on behalf of Gareda provided notice to United National of the incident involving Mr. Pearson. A true and accurate copy of this notice is attached as Exhibit 6 to this Complaint.

**ANSWER:**   **Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 46 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

47.     On or about December 28, 2006, United National informed Gareda that the insurance policies issued by United National do not provide coverage to Gareda for any claim filed by Cynthia Pearson-Springer as administrator of the estate of Robert Pearson, Jr. And arising from the incident involving Mr. Pearson on May 3, 2006. A true and accurate copy of United National's December 28, 2006 correspondence to Gareda is attached as Exhibit 7 to this Complaint.

**ANSWER:**   **Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 47 and therefore denies the same pursuant to Fed. R. Civ. Pro**

15

8(b)(5).

48.    On or about August 24, 2007, Cynthia Pearson-Springer, as independent administrator of the estate of Robert Pearson, Jr. filed a Complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division, seeking monetary damages from Gareda Nursing Service, Inc., Gareda Diversified Business Services, Inc. and Gareda's employee and/or agent Debbie Lewis based upon allegations of negligence and wrongful death in connection with the death of Robert Pearson, Jr. A true and correct copy of Ms. Pearson-Springer's Complaint is attached as Exhibit 8 to this Complaint.

**ANSWER:    Cynthia Pearson-Springer admits the allegations contained in Paragraph 48.**

49.    On or about September 24, 2007, Jerry Leahy of Risk Management Resources, Inc., on behalf of Gareda forwarded a copy of the Complaint filed by Ms. Pearson-Springer to United National and demanded that United National provide defense and indemnification to Gareda on the allegations stated against it by Ms. Pearson-Springer. A true and correct copy of that correspondence is attached as Exhibit 9 to this Complaint.

**ANSWER:    Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 49 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

50.    United National now brings this Action for Declatory Judgment against Gareda and Ms. Pearson-Springer and an Order from this Court providing that, as a matter of law, United National is not required to defend and/or indemnify Gareda against the allegations stated against

16

Gareda by Ms. Pearson-Springer.

**ANSWER:**     **Cythia Pearson-Springer admits that United National has brought suit. She denies they are entitled to the relief sought.**

## COUNT 1 - ACTION FOR DECLARATORY JUDGMENT ON POLICY EXCLUSION

51.     Plaintiff re-states, re-alleges and incorporates by reference Paragraphs 1-50 of this

Complaint as if fully re-written herein.

**ANSWER:**     **Cynthia Pearson-Springer re-states and incorporates by reference Paragraphs**

**1-50 of this Answer as if fully re-written herein.**

52.     The allegations stated by Ms. Pearson-Springer against Gareda allege that Gareda was

negligent in:

> a:     failing to use appropriate care and management in providing
>        nursing assistance to Robert Pearson, Jr;

> b.     failing to monitor Robert Pearson, Jr. when he advanced
>        down stairs with his walker contrary to doctor's orders;

> c.     failing to assist Robert Pearson, Jr. while he advanced down
>        stair with his walker contrary to doctor's orders;

> d.     failed to ascertain and heed doctor's directives with regards
>        to Robert Pearson, Jr.'s walking down stairs;

> e.     failing to get appropriate medical follow-up care for Robert
>        Pearson, Jr. following his fall down the stairs; and

> f.     were otherwise careless and negligent.

**ANSWER:**     **Cynthia Pearson-Springer admits the allegations contained in Paragraph 52.**

53.     In support of its allegations against Gareda, Ms. Pearson-Springer attached a report

prepared by Dr. Gil Given pursuant to 735 ILCS 5/2-622.

**ANSWER:**     **Cynthia Pearson-Springer admits the allegations contained in Paragraph 53.**

17

54.     The *Designated Professional Services Exclusion* of the Commercial General Liability

Coverage part of the Commercial Insurance Policy issued by United National Gareda states in

relevant part:

> This insurance does not apply to 'bodily injury', 'property damage' or 'personal and
> advertising injury' due to the rendering of or failure to render any professional
> service.

**ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to**
**form a belief as to the truth or accuracy of the allegations contained in**
**Paragraph 54 and therefore denies the same pursuant to Fed. R. Civ. Pro**
**8(b)(5).**

55.     The allegations stated by Ms. Pearson-Springer against Gareda are allegations that

the decedent, Robert Pearson, Jr. suffered personal injury due to Gareda's rendering or failure to

render professional services to Mr. Pearson.

**ANSWER:     Cynthia Pearson-Springer is without knowledge or information sufficient to**
**form a belief as to the truth or accuracy of the allegations contained in**
**Paragraph 55 and therefore denies the same pursuant to Fed. R. Civ. Pro**
**8(b)(5).**

56.     The allegations stated by Ms. Pearson-Springer against Gareda are excluded under

the Designated Professional Services Exclusion of the Commercial General Liability Coverage part

of the Commercial Insurance Policy issued by United National to Gareda.

**ANSWER:     Cynthia Pearson-Springer denies the allegations contained in Paragraph 56.**

18

57.     There is presently a justiciable controversy between United National and Defendants

regarding United National's obligations to provide a defense and indemnity for the Lawsuit.

**ANSWER:    The allegations contained in Paragraph 57 amount to a legal conclusion to**

**which no response is required.**

58.     United National entitled to an ORDER to be issued by this Court providing that

Gareda is not entitled to defense and/or indemnification under the Commercial General Liability

Coverage part of the Commercial Insurance policy issued by United National to Gareda.

**ANSWER:    Cynthia Pearson-Springer denies the allegations contained in Paragraph 58.**

## COUNT II - ACTION FOR DECLARATORY JUDGMENT ON POLICY EXCLUSION

59.     Plaintiff re-states, re-alleges and incorporates by reference Paragraphs 1-58 of this

Complaint as if fully re-written herein.

**ANSWER:    Cynthia Pearson-Springer re-states and incorporates by reference Paragraphs**

**1-58 of this Answer as if fully re-written herein.**

60.     Section I (2)(s) of the Professional Liability Coverage Part of the Commercial Insurance

policy issued by United National to Gareda states in relevant part:

> This insurance does not apply to:...
>
> > ...s. Any 'claim', 'suit' or wrongful act' that might result in a
> > "claim" or "suit", of which any insured had knowledge or could
> > have reasonably foreseen, at the signing date of the application for
> > this insurance.

**ANSWER:**

61.     The term "insured" is defined in Section III of the Professional Liability Coverage
        Part of the Commercial Insurance policy, title "WHO IS AN INSURED", and
        states in relevant part:

        1.     If you are designated in the Declaration as:

... c. An organization other than a partnership or joint venture. You are Insured. Your current or former Executive Officers and Directors are insured, but only with respect to their duties as your Officers and Directors.

2.  The following are also insureds:

...b. Your current and former employees and volunteers, whether salaried or contracted, other than medical doctors, chiropractors, optometrists and dentists, are insured while acting with the scope of their duties on your behalf.

**ANSWER:   Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 61 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

62.    Gareda had knowledge of the Incident at the time of the signing date of the application for insurance with United National, namely the May 3, 2006 incident involving Robert Pearson, Jr.

**ANSWER:   Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 62 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

63.    Gareda could have reasonably foreseen a claim, suit or wrongful act resulting from the Incident at the time of the signing date of the application for insurance with United National.

20

**ANSWER:**  **Cynthia Pearson-Springer is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 63 and therefore denies the same pursuant to Fed. R. Civ. Pro 8(b)(5).**

64.    Based upon exclusion I(2)(s) in the professional liability portion of the Policy, there is no coverage provided to Gareda for defense or indemnifications against the allegations state by Ms. Pearson-Springer against Gareda in the Lawsuit.

**ANSWER:**  **The allegations contained in Paragraph 64 amount to a legal conclusion to which no response is required.**

65.    There is presently a justiciable controversy between United National and Defendants regarding United National's obligations to provide a defense and indemnity foe the Lawsuit.

**ANSWER:**  **The allegations contained in Paragraph 65 amount to a legal conclusion to which no response is required.**

66.    United National is entitled to an ORDER, to be issued by this Court providing that Gareda is not entitled to defense and/or indemnification under the Professional Liability Coverage Part of the Commercial Insurance policy issued by United National to Gareda.

**ANSWER:**  **Cynthia Pearson-Springer denies the allegations contained in Paragraph 66.**

21

WHEREFORE, Defendant CYNTHIA PEARSON-SPRINGER (incorrectly sued as

Cynthia Pearson-Singer) as Independent Administrator of the Estate of ROBERT PEARSON,

JR., deceased, respectfully requests that this Court enter an Order finding that United National

Insurance Company has a duty to defend and indemnify Gareda Diversified Business Services,

Inc., and that the Court grant any other such relief to Cynthia Pearson-Springer that is just and/or

necessary.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint for Declaratory Judgment fails to state a claim upon which relief can

be granted in that it seeks a judicial declaration that is inconsistent with its contractual obligations

to Gareda.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by its own breach of contract.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were or may have been caused or contributed to by the acts or

omissions of persons other than Cynthia Pearson-Springer and over whom, at the time, Cynthia

Pearson-Springer had no control over or responsibility over.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred or limited by the terms and conditions contained in

the contract between itself and Gareda.

### FIFTH AFFIRMATIVE DEFENSE

Cynthia Pearson-Springer alleges that there may be other persons or entities which may or

may not have been named and/or served in this action who are at fault with respect to the matters

referred to in the Complaint, and that such fault proximately caused the damages, if any,

complained of by Plaintiff.

WHEREFORE, Defendant CYNTHIA PEARSON-SPRINGER (incorrectly sued as

Cynthia Pearson-Singer) as Independent Administrator of the Estate of ROBERT PEARSON,

JR., deceased, hereby request an Order granting her a forty-five (45) day extension of time in

which to answer or otherwise plead to Plaintiff's Complaint for Declaratory Judgment.

Dated: This 15th day of May 2008.

                                    Respectfully submitted,
                                    Clifford Law Offices, P.C.

                                    By: /s/ Brian S. Shallcross
                                    Counsel for Defendant

Timothy S. Tomasik
Brian S. Shallcross
Clifford Law Offices, P.C.
Attorneys for Plaintiff
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
Fax: (312) 251-1160
E-mail: bss@cliffordlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2008, I electronically filed DEFENDANT CYNTHIA PEARSON-SPRINGER'S ANSWER TO UNITED NATIONAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: Daniel E. Tranen, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 120 North LaSalle Street, Suite 2900, Chicago, Illinois 60602; and Geoffrey A. Belzer, Wilson, Elser , Moskowitz, Edelman & Dicker LLP, 120 North LaSalle Street, Suite 2900, Chicago, Illinois 60602.

Respectfully submitted,

By: /s/ Brian S. Shallcross
Brian S. Shallcross
Timothy S. Tomasik
Clifford Law Offices, P.C.
120 N LaSalle Street
Suite 3100
Chicago, Illinois 60602
(312) 899-9090 Phone
(312) 251-1160 Fax
bss@ cliffordlaw.com