IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY ) ) ) Plaintiff, ) ) v. ) ) GAREDA DIVERSIFIED BUSINESS ) SERVICES, INC. an Illinois Corporation ) and CYNTHIA PEARSON-SINGER ) Independent Administrator of the ) Estate of ROBERT PEARSON, JR. deceased ) ) Defendants. ) | Case No. 1:07-cv-06459<br><br>Judge Blanche Manning<br><br>Magistrate Judge Schenkier |

**PLAINTIFF UNITED NATIONAL INSURANCE COMPANY'S
MOTION FOR ENTRY OF A DEFAULT JUDGMENT AGAINST
DEFENDANT GAREDA DIVERSIFIED BUSINESS SERVICES, INC.**

NOW COMES Plaintiff United National Insurance Company ("United National"), and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, hereby moves this Court to default Defendant Gareda Diversified Business Services, Inc. ("Gareda") and, in so doing, enter a final declaratory judgment against Gareda and in favor of United National declaring that United National has no duty to defend or indemnify Gareda in the Underlying Action.

In support thereof United National states as follows:

1.  On or about September 6, 2006, United National issued a Commercial Insurance Policy to Gareda, Policy Number AHB-0000237 ("the Policy") which obligated United National to defend and indemnify Gareda from third party actions, subject to the terms, conditions, and exclusions in the Policy. Complaint, para. 35.

2.  Thereafter, Defendant Cynthia Pearson-Singer, as administrator for the Estate of Robert Perason, filed a Complaint in the Cook County Circuit Court, Case No. L-2007-L-008981

1

497263.2

("the Underlying Action"), alleging that Defendant Gareda provided home health care to decedent Robert Pearson, Jr. on or about May 3, 2006 and that Gareda's acts or omissions in providing health care to Mr. Pearson proximately caused Mr. Pearson's death. *See* Complaint, paras 7, 15-17.

3. Gareda sought defense and indemnification from United National on or about October 19, 2006. *See* Complaint, para. 46.

4. United National denied coverage to Gareda on or about December 28, 2006, based upon certain terms, conditions and exclusions in the Policy. *See* Complaint, *passim*.

5. On or about November 14, 2007, United National filed its Complaint for Declaratory Judgment against Gareda and Ms. Pearson-Singer, the administrator of Robert Pearson's Estate and the Plaintiff in the Underlying Action.

6. On or about December 12, 2007, United National filed with this Court a *Waiver of Service* executed by Gareda. *See* Docket Entry #7, a copy of which is attached as Exhibit A. The *Waiver of Service* established February 1, 2008 as the date for Gareda to file an Answer or otherwise plead to United National's Complaint. *See Id*.

7. To date, Gareda has not filed an Answer or otherwise provided any defense to United National's Declaratory Judgment Complaint. *See* Docket.

8. Federal Rule of Civil Procedure 55 governs default judgments in federal court. It authorizes both the clerk of the court and the court itself to enter a default judgment if certain requirements are met.

9. Rule 55(a) states:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the parties default.

2

497263.2

10. In the present matter, the Court's docket demonstrates that Defendant Gareda has failed to plead or otherwise defend against the allegations stated in United National's Complaint, and that such an Answer is over four months overdue. An entry of Default is thus mandatory under Federal Rule 55(a).

11. Further, if a defendant fails to appear, a default judgment may only be entered by the clerk if the claim against the defendant is for a sum certain. Otherwise a Plaintiff must apply to the court for entry of Judgment. *See* Fed. R. Civ. P. 55(b).

12. In the present matter, United National does not seek a sum certain from Gareda, but a finding that it has no obligation to defend or indemnify Gareda in the Underlying Action. Since there is no need to prove up any damages, this Court can enter a default judgment in favor of United National and against Gareda regarding United National's coverage obligations without further proceedings.

WHEREFORE, Plaintiff United National Insurance Company respectfully requests that this Court grant its motion, that it enter a Default Judgment in United National's favor and against Gareda declaring that United National does not have a duty under Policy Number AHB-0000237 to defend or indemnify Gareda in the Underlying Action, Cook County Circuit Court, Case No. L-2007-L-008981.

Respectfully submitted,

**UNITED NATIONAL INSURANCE COMPANY**


By: /s/ Geoffrey A. Belzer
 One of its attorneys

Daniel E. Tranen, Esq.
Geoffrey A. Belzer, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
120 North LaSalle Street
Suite 2600
Chicago, IL 60602
Telephone: (312) 704-0550
Facsimile: (312) 704-1522

497263.2

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 18, 2008, this document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Defendant Cynthia Pearson-Singer, Independent Administrator of deceased estate of Robert Pearson, Jr.*:

Timothy S. Tomasik, Esq.
Brian S. Shallcross, Esq.
Clifford Law Offices
120 North LaSalle Street
Suite 3100
Chicago IL 60602

The undersigned also certifies that a copy was sent Regular Mail to the following on June 18, 2008:

*Counsel for Defendant Gareda Diversified Business Services, Inc.:*

Jerome G. McSherry, P.C.
121 South Wilke
Suite 407
Arlington Heights IL 60005

/S/ Geoffrey A. Belzer

497263.2