**Report of Conference of Parties**

1. **Set Forth of Case and Name of Parties.**

    *United National Insurance Company v. Gareda Diversified Business Services, Inc. and Cynthia Pearson-Springer, Independent Administrator of the Estate of Robert Pearson, Jr.,* deceased. United States District Court, Northern District of Illinois Case No. 1:07-cv-06459.[1]

2. **Due Date of Report:**    June 20, 2008

3. **Conference and Names of Attorneys.** Pursuant to Fed.R.Civ.P. 26(f), a conference was held on June 13, 2008  Participants to the conference were (lead trial counsel for each side should be identified with an asterisk after his or her name):

    Geoffrey A. Belzer    for plaintiff(s)    United National Insurance Company

    Brian Shallcross    for defendant(s)    Cynthia Pearson-Springer, independent adm. of the Estate of Robert Pearson, Jr.

4. **Description of Claims.**

    (a) Plaintiff(s) shall set forth a brief description of the nature of the claims asserted in the complaint, including the basis of federal jurisdiction.

    This matter is a Complaint for Declaratory Judgment in regards to an insurance policy issued by Plaintiff to defendant Gareda Diversified Business Services, Inc. ("Gareda"). Defendant Ms. Pearson-Singer was named as a defendant to this matter as she has an interest in the outcome of the suit, arising from the death of Robert Pearson, Jr., who Ms. Pearson-Singer alleges died as a result of the acts or omissions of Gareda's agent or employee on or about May 3, 2006. Plaintiff alleges insurance coverage to Gareda is excluded under both the express terms of the insurance policy and due to Gareda's failure to provide notice of a potential claim against it by Mr. Pearson or his estate when Gareda applied for insurance on or about September 6, 2006.

    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship between Plaintiffs and Defendants.

    Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that the Lawsuit has been filed in Cook County in this District, and because Ms. Pearson-Springer and Gareda are located in this district.

    (b) Defendant(s) shall set forth a brief description of the nature of the defenses and any counterclaims affirmatively asserted.

---

[1] Defendant Ms. Cynthia Pearson-Springer is incorrectly identified as Cynthia Pearson-Singer on the Complaint. Plaintiff will correct this typographically error shortly by motion.

496129.1

Defendants state that they believe that the insurance policy in question provides coverage to Gareda for the acts or omissions of its agents as Ms. Pearson-Springer alleges in her pending lawsuit. in Cook County. Defendant further alleges Gareda provided timely notice to Plaintiff of the incident involving Mr. Pearson.

5. **Prospects of Settlement.**

(a) Counsel are to discuss settlement at the conference, and to report on the status of settlement discussions.

Although no formal demand has been presented and no formal offer made, the parties have discussed the broad parameters of a possible settlement but appear, at this time, to be far apart on the amount of any such settlement. The parties have agreed to continue good-faith negotiations.

(b) The parties are to report on the earliest date on which they would be prepared to attend a settlement conference (with clients) with the Court or other designated official, and what discovery – if any- they believe may be needed to meaningfully assess settlement.

The parties believe that discovery, including the depositions of witnesses, should proceed before a settlement conference is convened by the Court. The parties believe they would be prepared to attend a settlement conference by December 1, 2008.

6. **Pre-Discovery Disclosures.**

(a) Do the parties believe Rule 26(a)(1) disclosure should not apply? If so, briefly state the reasons why is should not.

The parties agree that Rule 26 (a)(1) applies.

(b) The parties will exchange by July 14, 2008 the information required by [Fed.R.Civ.P.26(a)(1)].

7. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan. [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

(a) Discovery will be needed on the following subjects:

1. All care provided to Robert Pearson, Jr. by Gareda prior to his death;
2. All communications between the Pearson estate and Gareda following the death of Mr. Pearson;
3. The basis for all claims stated by the Pearson estate against Gareda in Cook County Circuit Court Case No. 07-L-008981;
4. Gareda's knowledge of the circumstances regarding the death of Robert Pearson, Jr.;

496129.1

      5.     Gareda's communications with Plaintiff regarding the death of Robert Pearson, Jr.;

      6.     Any other matter relevant to Plaintiff's Complaint for Declaratory Judgment.

(b)     All non-expert fact discovery to be completed by November 28, 2008 [Discovery on issue for early discovery to be completed by <u>N.A.</u>

(c)     Any proposed variations on the limits imposed by Rule 30 and 33 on deposition and/or interrogatory discovery.     <u>None.</u>

(d)     Reports from retained experts under Rule 26(a)(2) due:
      from plaintiff(s) by <u>N.A.</u>
      from defendant(s) by <u>N.A.</u>

(e)     All retained expert depositions to be completed by <u>N.A.</u>

8.     **Pretrial/Trial Plan.**

    (a)     Final Pretrial Order (in the form required by Local Rule 16.1(a) or by the Standing Order of the presiding trial judge) should by done by <u>February 2, 2009.</u>

    (b)     The case should be ready for trial by <u>February 16, 2009</u> [and at this time is expected to take approximately (<u>Two Days</u>)].

9.     **Magistrate Judge Consent.**   The parties have not yet reached an agreement on this issue.

10.     **Other Matters.**   The parties shall indicate any other matters that they believe should be brought to the Court's attention for scheduling purposes.

    None.

The Court shall review the discovery plan and advise the parties of its approval or any modifications ordered. The Court shall also schedule court appearances as appropriate, including pretrial conferences. Court appearances require the presence of lead counsel or other counsel with sufficient knowledge of the case in order to discuss it intelligently.

Attorney for Plaintiff: _[signature]_

Attorney for Defendant: _[signature]_

Date: _6-20-08_

496129.1