IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> GAREDA DIVERSIFIED BUSINESS SERVICES, INC. an Illinois Corporation and CYNTHIA PEARSON-SINGER Independent Administrator of the Estate of ROBERT PEARSON, JR. deceased <br><br> Defendants. | Case No. 1:07-cv-06459 <br><br> Judge Blanche Manning <br><br> Magistrate Judge Schenkier |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Gareda Diversified Business Service, Inc. ("Gareda") executed a Waiver of Service which was filed with this Court on December 12, 2007 and established that Gareda's Answer to United National Insurance Company's ("United National") Complaint was due on February 1, 2008. See Docket Entry #7. Gareda failed to file an Answer by February 1, 2008, and is therefore in default under Rule 55 of the Federal Rules of Civil Procedure.

While Gareda attempts to introduce multiple side-issues and excuses through its *Brief in Opposition* to United National's *Motion for Default*, all of these arguments must fail because Gareda was aware of this lawsuit, executed a waiver of service, and failed to timely answer United National's *Complaint*. Everything else is irrelevant to the issue before the Court.

## DEFAULT IS NOT DISFAVORED

Amongst the irrelevant and non-persuasive arguments set forth by Gareda is its contention that default is a harsh sanction which should be avoided. This is not the law.

1

511874.1

As the Seventh Circuit noted in *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 103 F. 3d 612, 617 (7th Cir. 1997) "We have long since moved away from the position of disfavoring default judgments and we are therefore increasingly reluctant to set them aside."

Additionally, Gareda's failure to answer United National's *Complaint* is no mere technical defect. At the time United National filed its *Motion for Default*, Gareda's Answer was more than four months overdue. Gareda ultimately did not file an appearance until July 28, 2008, slightly less than six months after its Answer was due. See Docket Entry #36. Gareda's appearance came after the other parties and this Court established a binding case-management schedule. See Docket Entry #33.

Under similar circumstances in cases involving Declaratory Judgments filed by an insurer against its insured in the Seventh Circuit, Default was found to be appropriate because a trial court is entitled to say, under proper circumstances, that enough is enough when a defendant completely ignores a suit against it. See e.g. *Scottsdale Ins. Co. v. Club Bar, Inc.*, 2005 U.S. Dist. LEXIS 15256 (N.D. Ind. 2005) (attached); *Allstate Ins. Co. v. Lasco*, 2006 U.S. Dist. LEXIS 41701 (N.D. Ind. 2006) (attached). Default is not a harsh sanction that should be avoided given the facts of the present matter.

## UNITED NATIONAL DID NOT DELAY LITIGATION

Gareda also argues that somehow, someway United National is now estopped from requesting action based upon Gareda's delay because United National allegedly did not timely file this Declaratory Judgment action against Gareda.

However, United National's *Complaint* establishes that Cynthia Pearson-Springer, through counsel, informed Gareda of a potential claim against it on or about September 21, 2006. See Complaint, ¶ 40. Gareda reported the potential action to United National, who informed

Gareda that no coverage would be provided on any claim filed by Ms. Pearson-Springer. See Complaint, ¶ 47. Ms. Pearson-Springer filed her Complaint against Gareda in the Cook County Circuit Court on August 24, 2007. See Complaint, ¶ 48. United National filed this action on November 14, 2007. See Docket.

Based upon these facts, it is absurd for Gareda to allege that United National improperly or unfairly delayed the litigation of its claim against Gareda because United National waited until Ms. Pearson-Springer filed a civil action against Gareda before initiating this action. United National had nothing to defend at that point as no complaint had been filed, nor was it certain that complaint would ever be filed.

Even *General Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 215 Ill. 2d 146, 828 N.E. 2d 1092 (Ill. 2005), the case cited by Gareda in its *Brief in Opposition,* states in relevant part "When the **underlying complaint against the insured alleges facts within** or potentially within the scope of policy coverage, the insurer taking the position that the complaint is not covered by its policy must defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage." *Id.* at 1098, emphasis added.

Given that the *Complaint* by Ms. Pearson-Springer was not filed against Gareda until August 24, 2007, it would have been impossible for United National to properly file a Declaratory Judgment action against Garera alleging that coverage to Gareda was excluded prior to that date. Once the underlying Complaint was filed, United National filed the present matter before this Court, and Gareda did not file an Answer when it was due on February 1, 2008, choosing to wait until July 28, 2008 to file an appearance.

As such, it is clear that Gareda, not United National, has unjustifiably delayed resolution of this action and United National has done nothing to prejudice its rights.

3

511874.1

### GAREDA HAS NOT APPEARED THROUGH INFORMAL CONTACTS

Gareda's assertion that Gareda's alleged participation in settlement negotiations somehow excuses its failure to file an Answer to United National's *Complaint*, is not supported by the law.

The case cited by Gareda for that proposition, *North Central Ill. Laborers' District Council v. S.J. Groves & Sons*, 842 F. 2d 164 (7th Cir. 1988) merely acknowledges that Circuits other than the Seventh Circuit have found that "informal contacts between the litigants or their counsel" could be construed as appearances where the party against whom default is sought "indicated to the moving party a clear purpose to defend the suit." *Id.* at 169. *North Central* did not adopt the rule Gareda now proposes, and specifically noted that it was aware of no authority that the Seventh Circuit had ever adopted such a rule. *Id.* at 169 and fn 9.

Further, Gareda does not allege that it provided the clear notice of an intention to defend this suit to United National, as is required by the rule noted in *North Central*. As such, even if the proposition reported in *North Central* could be found as valid law in this District, it would be inapplicable in the present matter. Gareda does not claim that it actually appeared in this matter in any way prior to July 28, 2008 or that its informal contact with counsel should be seen as relevant to this Court's review.

### THERE IS NO CONFLICT OF INTEREST AS ALLEGED BY GAREDA

Finally, Gareda's allegation that a billing error by United National somehow disqualifies United National's counsel, and again, somehow excuses Gareda's failure to answer or otherwise plead is nonsensical.

United National sent a bill to Gareda for its deductible under the policy due to a clerical error in coding the bill for undersigned counsel's work on this file. The error was reported to

4

United National on June 23, 2008 after Gareda paid funds to United National, and United National issued a refund to Gareda on July 3, 2008. See Exhibit A, Affidavit of Cheryl Mawby with attachments.

It is well-established that this Court does not take a hyper-technical view of disqualification of counsel. As was noted in *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1576-1577 (7th Cir. 1984):

> ... the Seventh Circuit considers the right of a party to select counsel of his choice to be a matter of significant importance, which will not be disturbed unless a specifically identifiable impropriety has occurred... A disqualification order discredits the bar generally and the individual attorneys particularly. Thus, while there can be no hesitation to disqualify where impropriety has occurred ... judges must exercise caution not to paint with a broad brush under the misguided belief that coming down on the side of disqualification raises the standard of legal ethics and the public's respect. The opposite effects are just as likely -- encouragement of vexatious tactics and increased cynicism by the public.
>
> When applying Seventh Circuit attorney disqualification law, we must recognize ... that: Disqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary.
>
> Furthermore, motions for attorney disqualification "should be reviewed with extreme caution for they can be misused as techniques of harassment." ... Most importantly, a court must be "guided by the awareness of the delicate balance which must be maintained between the right of an individual to retain counsel of his free choice and the necessity that the Court uphold ... ethical standards. ..."

*Id.* at 1576-1577, citations omitted.

Gareda cannot in good faith claim that it believed the undersigned firm acted as its counsel in this matter when the undersigned firm informed Gareda on December 28, 2006 – nearly 20 months ago—that it represented United National with respect to claims stated against Gareda, and also informed Gareda that there was no coverage for any potential claim brought by Ms. Pearson-Springer. See *Complaint*, Exhibit 7.

5

Because Gareda knew 20 months ago that the undersigned firm represented United National, and not Gareda, it is clear that Gareda only raises the issue of attorney disqualification for purposes of harassment and to deflect this Court's attention from its willful failure to timely file an Answer to United National's Complaint. The Court should treat this aspect of Gareda's argument accordingly.

## CONCLUSION

Gareda Diversified Business Services, Inc. did not timely file an Answer to the Complaint filed by United National Insurance Company in the present matter. Under Rule 55 of the Federal Rules of Civil Procedure, default is mandated against the defendant.

For the reasons stated above and in its Motion for Default Judgment, United National Insurance Company moves this Court to issue an ORDER of default against Gareda Diversified Business Services, Inc.

Respectfully submitted,

**UNITED NATIONAL INSURANCE COMPANY**

By: /s/ Geoffrey A. Belzer
     One of its attorneys

Daniel E. Tranen, Esq.
Geoffrey A. Belzer, Esq.
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
120 North LaSalle Street
Suite 2600
Chicago, IL 60602
Telephone:  (312) 704-0550
Facsimile:  (312) 704-1522

511874.1

# CERTIFICATE OF SERVICE

The undersigned certifies that on August 21, 2008, this document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Defendant Cynthia Pearson-Singer, Independent Administrator of deceased estate of Robert Pearson, Jr.:*

Timothy S. Tomasik, Esq.
Brian S. Shallcross, Esq.
Clifford Law Offices
120 North LaSalle Street
Suite 3100
Chicago IL 60602

*Counsel for Defendant Gareda Diversified Business Services, Inc.*

Timothy J. Storm
Timothy J. Storm, PC
227 North Main Street
Wauconda IL 60084

/S/ Geoffrey A. Belzer

511874.1