# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CV 6459 | **DATE** | September 4, 2008 |
| **CASE TITLE** | *United National Ins. Co. v. Gareda Diversified Bus. Servs.* | | |

**DOCKET ENTRY TEXT**

Plaintiff United National Insurance Company's motion for default judgment [30-1] is denied. Defendant Gareda Diversified Business Services is granted leave to file an answer or other responsive pleading no later than September 25, 2008. The parties shall report for a status hearing on September 30, 2008, at 11:00 a.m.

■[ For further details see text below.]     Docketing to mail notices.

00:00

## STATEMENT

Plaintiff United National Insurance Company received from defendant Gareda Diversified Business Services an executed waiver of service, which United National filed with the court on December 12, 2007. Gareda's answer or responsive motion was due by February 1, 2008, but Gareda filed nothing. United National now seeks entry of a default judgment against Gareda under Federal Rule of Civil Procedure 55 based upon Gareda's failure to answer or otherwise plead.

Gareda has filed a response in opposition to United National's motion. In its response, Gareda attributes its delay to settlement discussions in an underlying state court case between counsel for United National and counsel for Gareda (who is different than its counsel in this litigation).

The court appreciates the parties' apparent attempts to settle the underlying state court case, and that settlement of that case may well impact their positions in the instant case. Nevertheless, Gareda is nevertheless admonished that it is not free to reset or ignore deadlines imposed by the court or by the Federal Rules. The court has never been stingy with reasonable requests for extensions of time, but parties are obligated to request extensions, not help themselves.

That being said, the court must exercise its discretion to determine the consequence of Gareda's failure to either file a responsive pleading or to seek an extension of time in which to do so. *See American Nat't Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 CV 6990, 2002 WL 484845, *1 (N.D. Ill. Mar. 29, 2002) ("The decision to enter a default judgment lies within the discretion of the district court.").

Gareda's failure to abide by a court deadline is unacceptable, but the court is unable to discern any resulting prejudice to the plaintiff or other defendant. United National suggests that the parties who have already appeared may be prejudiced because the court has already established a binding case-management schedule, but this schedule can be adjusted if necessary. Moreover, although Gareda's decision was ill-advised, nothing

**STATEMENT**

in the record suggests that it was made in bad faith to gain a tactical advantage in the litigation.

Accordingly, in its discretion the court shall not enter a default judgment against Gareda at this point and United National's motion is denied. Gareda is granted leave to file an answer or other responsive pleading no later than September 25, 2008. Any requests for additional time to answer shall be disfavored. The parties shall report for a status hearing on September 30, 2008, at 11:00 a.m.

Finally, the court notes that in its response brief opposing United National's motion for a default judgment, Gareda suggests that counsel for United National has a "serious conflict of interest with Gareda" and suggests that counsel remove itself. (R.38 at 4.) To the extent that Gareda seeks to raise the issue of conflict of interest with the court, it must do so by way of motion properly filed and noticed in accordance with the Local Rules.

rs/cpb